IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVO TRANSFORMA TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES CELLULAR CORPORATION, <br><br> Defendant. | Civil Action No. _____ <br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Novo Transforma Technologies, LLC ("NTT" or "Plaintiff"), by way of

Complaint against the above-named defendant ("Defendant"), alleges the following:

### NATURE OF THE ACTION

1.     This is an action for patent infringement arising under the Patent Laws of the

United States, 35 U.S.C. § 1 *et seq*.

### THE PARTIES

2.   Plaintiff NTT is a limited liability company organized under the laws of the State of

Delaware with a place of business at 1013 Centre Road, Suite 403S, Wilmington, Delaware,

19805.

3.     On information and belief, Defendant United States Cellular Corporation is a

corporation organized under the laws of the State of Delaware with its principal place of business

at 8410 W. Bryn Mawr, Suite 700, Chicago, Illinois, 60631-3486.

## JURISDICTION AND VENUE

4.     This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

6.     On information and belief, Defendant is subject to the jurisdiction of this Court by virtue of the fact that it is organized under the laws of the State of Delaware.  On information and belief, Defendant also is subject to jurisdiction of this Court by reason of its acts of patent infringement which have been committed in this Judicial District.  As such, Defendant has purposefully availed itself of the privilege of conducting business within this Judicial District; has established sufficient minimum contacts with this Judicial District such that it should reasonably and fairly anticipate being haled into court in this Judicial District; and at least a portion of the patent infringement claims alleged herein arise out of or are related to one or more of the foregoing activities.

7.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

## THE PATENT-IN-SUIT

8.     On October 20, 1998, United States Patent No. 5,826,034 ("the '034 Patent"), entitled "System and Method for Transmission of Communication Signals through Different Media," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '034 Patent is attached as Exhibit A to this Complaint.

9.     NTT is the assignee and owner of the right, title and interest in and to the '034 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

## COUNT I – INFRINGEMENT OF U.S. PATENT No. 5,826,034

10.     The allegations set forth in the foregoing paragraphs 1 through 9 are hereby realleged and incorporated herein by reference.

11.     NTT provided actual notice to Defendant of Defendant's infringement of the '034 Patent in a letter dated April 12, 2013.  In that letter, NTT informed Defendant that Defendant was infringing the '034 Patent by providing Multimedia Messaging Service ("MMS") services to its customers.  NTT's letter further informed Defendant that by providing MMS services, it performed or induced performance of each of the steps of at least claim 23 of that patent in at least the following manner:

(a)     The Defendant's MMS service provides guaranteed end-to-end delivery of a multimedia message payload from a sender to a recipient over one or more networks by converting the message payload as necessary to enable delivery to the recipient's device.

(b)     The MMS message payload is generated via Defendant's customer's device.

(c)     Various payload delivery parameters are specified, such as the address of the message recipient.

(d)     A multimedia messaging service center ("MMSC") adapts the MMS payload depending on the recipient's device's capabilities so that the recipient's device can display the MMS message.  This adaptation takes place at MMSCs located at different locations depending on the location of the sender and recipient and their service providers.

(e)     The MMS service automatically notifies the sender upon receipt of the MMS message by the recipient.

12.     NTT's letter further informed Defendant that it is inducing infringement of the '034 Patent by actively aiding and abetting others whose performance of certain steps of the asserted claims in combination with the steps performed by or on Defendant's behalf constitutes direct infringement.  The letter explained that Defendant actively induces its customers to perform at least some of the steps of the asserted claims by offering MMS, advertising MMS, distributing phones that support MMS, and providing instructions regarding the use of MMS. The letter further explained that Defendant also actively induces MMSC service providers and other cellular service providers to perform at least some of the steps of the asserted claims by entering into agreements with such parties that require performance of those steps and by forwarding MMS messages to those entities.

13.     Defendant has had actual knowledge of the '034 Patent and its infringement of that patent since at least the date Defendant received the April 12, 2013 notice letter from NTT.

14.     In violation of 35 U.S.C. § 271(a), Defendant has directly infringed and continues to directly infringe, both literally and under the doctrine of equivalents, the '034 Patent by performing the methods claimed in one or more claims of the '034 Patent, including but not limited to claim 23, in the United States without the authorization of NTT during the operation and testing of the Defendant's MMS services.

15.     Upon information and belief, Defendant has induced and continues to induce others to infringe the '034 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others, including its customers, MMSC service providers, and other cellular service providers, whose performance of certain steps of the asserted claims in combination with the steps performed by or on behalf of the Defendant constitutes direct infringement of at least claim 23 of the '034 Patent.  In particular,

Defendant's actions that aid and abet its customers to perform certain steps of the asserted claims (such as the "generating" and "defining" steps) include offering MMS, advertising MMS, distributing phones that support MMS, and providing instructions regarding the use of MMS. Defendant's actions that aid and abet MMSC service providers and other cellular service providers to perform certain steps of the asserted claims (such as the "converting" step) include (a) entering into agreements with such parties that require processing of MMS messages in accordance with MMS specifications, and (b) forwarding MMS messages to those parties.  On information and belief, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendant has had actual knowledge of the '034 Patent and that its acts were inducing infringement of the '034 Patent since at least the date it received the notice letter from NTT.

16.     NTT has been harmed by Defendant's infringing activities.

17.     NTT notified Defendant of its infringement of the '034 Patent including an identification of the particular infringing products and features, but Defendant thereafter continued to infringe the '034 Patent by continuing the activities described in Paragraphs 11-12 above.  On information and belief, Defendant has not obtained an opinion of counsel regarding infringement or validity with respect to the claims of '034 Patent.  Defendant's continued infringement has therefore been in reckless disregard of NTT's patent rights.  On information and belief, Defendant's infringement has been and continues to be willful.

## JURY DEMAND

NTT demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, NTT respectfully requests that this Court enter judgment for NTT and against Defendant as follows:

a.      An adjudication that Defendant has infringed the '034 Patent;

b.      An award of damages to be paid by Defendant adequate to compensate NTT for Defendant's past infringement of the '034 Patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

c.      An injunction ordering Defendant to pay an ongoing royalty in an amount to be determined for any continued infringement after the date judgment is entered;

d.      An award of treble damages under 35 U.S.C. § 284;

e.      A declaration finding this to be an exceptional case, and awarding NTT attorney fees under 35 U.S.C. § 285; and

f.      For such further relief at law and in equity as the Court may deem just and proper.


Dated:  May 16, 2014

Respectfully submitted,

FARNEY DANIELS PC


*/s/ Timothy Devlin*
Timothy Devlin #4241
FARNEY DANIELS PC
1220 Market Street, Suite 850
Wilmington, DE 19801
(302) 300-4626
tdevlin@farneydaniels.com

*Attorneys for Plaintiff*
*Novo Transforma Technologies, LLC*